## CHARLESTON.

CITY OF BLUEFIELD v. PUBLIC SERVICE COMMISSION.

Submitted September 6, 1922. Decided September 12, 1922.

WATERS AND WATER COURSES—*Public Service Commission Has Jurisdiction to Determine Application for Temporary Increase of Rates of Water Company Pending Appeal From Former Order.*

A water company obtained an appeal to the Supreme Court of the United States from a decree of this court affirming an order of the Public Service Commission, in which order the

91 W. Va.

valuation of the company's plant was ascertained and it was granted an increase in rates based on such valuation. Without exercising its right to increase its rates under such order, the company, in an independent proceeding, based on materially different facts subsequently applied to the Commission for a temporary increase in rates; the Commission has jurisdiction to hear and determine the matters involved on such new application, though the appeal in the former proceeding is undetermined.

Petition by the City of Bluefield against the Public Service Commission and the Bluefield Waterworks & Improvement Company, to review and suspend an order of the Public Service Commission.

*Order affirmed.*

*Russell S. Ritz,* for petitioner.
*Sanders, Crockett & Fox,* for respondents.

MEREDITH, JUDGE:

On September 7, 1921, the Public Service Commission, in its case No. 1138, entered an order granting an increase in rates to the Bluefield Waterworks and Improvement Company, based on a valuation, as ascertained by the Commission, of $460,000. The Company, being dissatisfied with the valuation and increase, appealed to this court, which, in an opinion written by Judge MILLER, affirmed the order. *Bluefield Waterworks and Improvement Company* v. *Public Service Commission,* 89 W. Va. 736, 110 S. E. 205. Still being dissatisfied, and not putting into effect the increase granted, it obtained an appeal to the Supreme Court of the United States, where the case is now pending and undetermined. It did not ask for nor obtain a supersedeas.

On March 22, 1922, in Public Service Commission case No. 1337, the water company applied by petition to the Commission for an increase in rates, averring that it was entitled to receive a return of 8 per cent upon the value of its property as fixed by the Commission, pending the decision of its appeal before the Supreme Court of the United States, and expressly stipulated that its application was for a temporary increase only; that should that court hold that

the value of petitioner's property was greater than the val-uation fixed by the Commission, it would then file an application before the Commission asking for such further increase in rates as might be necessary to afford it a return upon the value as determined by the decision of the Supreme Court of the United States on such appeal.

The City of Bluefield contested the application on the ground that the Commission had no jurisdiction to hear this case because of the appeal pending in the former case. The Commission, by order entered June 14, 1922, granted the increase prayed for. There was no controversy as to the facts necessitating the increase allowed. The order further provided that the Company should furnish to all its consumers a reasonably constant and good supply of wholesome water, and that a failure to render such service would be cause for the Commission to set aside such rates and put into effect such other rates as the Commission might determine proper. The City, on June 22, 1922, applied to this court for a suspension of that order, and that is the question involved here now.

On July 12, 1922, the City made complaint to the Commission that the water company had failed to comply with the order, in that it was not furnishing to all its consumers a reasonably constant and good supply of wholesome water, and after a hearing before the Commission on such complaint, the Commission, on July 27th, 1922, obtained from this court a peremptory writ of mandamus requiring the water company to comply with the order and furnish to all its consumers such supply of water. We can properly assume that the order of this court is being obeyed, as we have had no notice to the contrary.

The only question involved here is whether the Commission had jurisdiction to grant such increase in rates in this present proceeding, pending the appeal in the former proceeding. This jurisdiction is questioned on three grounds:

(1) That this is an independent proceeding, and that the commission has no jurisdiction to fix a valuation and prescribe rates based thereon, to be contingent upon the

decision of the Supreme Court of the United States in the former proceeding;

(2) That any order the Commission may make in this proceeding, being subsequent to the order from which the water company has prosecuted an appeal to the Supreme Court of the United States, will, in law, supersede the order appealed from, and the Commission is without jurisdiction to grant even temporary relief to the applicant pending that appeal;

(3) That the Commission has complete and exclusive jurisdiction to determine rates to be charged by public utilities, and any order fixing temporary rates contingent upon what the Supreme Court of the United States may do in the former case, amounts to a surrender of the jurisdiction of the Commission to that court, and is therefore void.

It is admitted that this is an independent proceeding. The facts shown in the former proceeding do not appear in this, but the opinion of Commissioner Devine shows that the facts involved here are materially different from those involved in the former. In other words, a new case is made. In this case there is no attempt to enforce the order in the former case; it is a mere grant of authority to increase rates, based on new pleadings and new evidence. It is unnecessary for us to consider whether the appeal in the former proceeding operates as a supersedeas, as it is not proposed by the water company to enforce its rights under the order in the former. If its contention on appeal be upheld, it may do so, but it is not attempting to do so now. Nor do we see how the order in this case can supersede the grant in the former. It is distinctly asked that the present order be temporary; and if the Supreme Court on the appeal should find that the water company's property is of the value of $900,000, the company's figures, application will be made to the Commission for rates which will produce a return of 8 per cent on such valuation, instead of that return on $460,000, as allowed in the present order. The city makes no objection to the rate of return; nor does it object to the valuation of $460,000; so we do not see how the city

can be injured by this present order. If this order should supersede the former order, the water company, and not the city, would be the injured party.

Nor do we see how this order can possibly operate as a surrender of the jurisdiction of the Commission to the Supreme Court of the United States. Of course, it is conceded by all, that what that court may determine to be the valuation of the water company's property for rate making purposes in that particular case will bind this court and the Commission, but for the Commission to make such concession does not amount to a surrender of its jurisdiction to that court, nor does the order make any such surrender. It finds that the Company's property is valued at $460,000, and grants the company authority to charge certain rates, which, it is estimated, will produce a return of 8 per cent upon that valuation, the same to continue and remain in effect until the first day of May, 1923, and until the further order of the Commission. It does not in terms fix rates contingent upon the decision of the Supreme Court on appeal, but if it did, we do not see how it would render the order invalid. The validity of all orders of both courts and commissions is contingent upon whether they will be upheld or set aside by that court. What it says is final.

For the foregoing reasons, we refuse to suspend the order, but affirm it.

*Order affirmed.*